# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUN JU LEE et al.<br><br>                      Plaintiffs,<br><br>  -v.-<br><br>OVERSEAS EMPLOYMENT AND<br>INFORMATION SERVICE, INC. et al.<br>                      Defendants. | **Civil Action RWT 06-3294**<br><br>**UNDER SEAL** |

| | |
|---|---|
| DO YUN HWANG et al.<br><br>                      Plaintiffs,<br><br>  -v.-<br><br>OVERSEAS EMPLOYMENT AND<br>INFORMATION SERVICE, INC. et al.<br>                      Defendants. | **Civil Action No. PJM 07-481**<br><br>**UNDER SEAL** |

## PLAINTIFFS' MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO CONSOLIDATE ACTIONS

Plaintiffs Eun Ju Lee, Sung Duk Lee, Sung Hee Lee, Do Yun Hwang, Sang Hyun Lee, and Kang Kyeon Seo, pursuant to Federal Rule of Civil Procedure Rule 42(a), by and through counsel, Donald P. Salzman, the Urban Justice Center, Vaughn C. Williams, and Martha Jane Johnstone, are seeking an Order consolidating the two above-captioned actions.

Each of the two cases asserts essentially the same claims against Defendants, Overseas Employment and Information Service, Inc. d/b/a EBI, Inc. ("OEIS"), Charles Han Yoo, Hyun Sook Yoo, and Tricia Matuszak (collectively, the "OEIS Defendants"). The complaints also assert related claims against Allen Family Foods, Inc. (both complaints), Mountaire Farms, Inc.

(both complaints), and Empire Kosher, Inc. (RWT-06-3294 only) (collectively, the "Meat Processing Defendants").

Although the specific allegations in each of the complaints vary slightly as to the individual Plaintiffs, each of the actions is predicated on the same core claims: (1) that OEIS entered contracts with each of the Plaintiffs whereby, in consideration for the payment of the contract price, OEIS was to provide certain immigration services to each of the Plaintiffs; that each of the respective Plaintiffs fully performed his or her obligations under the contract, but that OEIS breached the contracts; (2) that certain of the OEIS Defendants knowingly misrepresented OEIS' qualifications and abilities to secure the legal permanent resident immigration status that OEIS promised to obtain for them and also misrepresented the status of the immigration proceedings to the Plaintiffs; and (3) that certain of the Meat Processing Defendants were responsible in part for the injuries suffered by the Plaintiffs.

Rule 42(a) authorizes the Court to order the consolidation of separate actions that pose common questions of law or fact. This decision is necessarily committed to the trial court's discretion. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 192 (4th Cir. 1982). It is widely recognized that consolidation often benefits both the court and the parties by expediting pre-trial proceedings, reducing or eliminating duplication, and minimizing the expenditure of time and money by all persons concerned. The critical question for the Court in the final analysis is whether the prevention of "inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative

2

expense to all concerned of the single-trial, multiple trial alternatives" outweighs any "specific risks of prejudice and possible confusion." Arnold at 192.

The two actions subject to this motion for consolidation are extremely similar: they arise from almost identical contracts and indistinguishable actions on the part of the OEIS Defendants and the plaintiffs are similarly situated. Indeed, the complaints are almost identical. *See* Allfirst Bank v. Progress Rail Services Corporation, 178 F. Supp.2d 513, 520 (D.Md. 2001) (where the parties conceded that two complaints were the "mirror image" of each other). Each plaintiff alleges the same type of contract breach and fraud on the part of OEIS based on substantially identical treatment of his or her efforts to obtain a "green card." *See* In re Royal Ahold N.V. Securities and ERISA Litigation, 219 F.R.D. 343, 348 (D. Md. 2003) (consolidating cases involving different periods, parties, and damages where the essential claims and facts alleged in each case were similar and all plaintiffs based their losses on the same alleged misrepresentations of the defendant). Only the specific allegations addressed to the participation by the Meat Processing Defendants vary from Plaintiff to Plaintiff and these allegations and the specific underlying facts vary as much within the complaints as they do between them. Rule 42(a) authorizes the Court to consolidate actions involving common issues of law or fact in order to promote judicial efficiency and avoid the waste of time and money by parties and the Court. Given the overwhelming similarity of the factual and legal issues involved in these related cases, consolidation is appropriate here.

Additionally, no party will be harmed by consolidation. The complaints were only recently filed and there has been no adjudication of any issue in either case. The Court may take note that each of the Meat Processing Defendants has filed a motion to dismiss the first

complaint.  To the extent that these defendants may believe that the contentions they made in

these motions apply as well to the allegations made against them in the second complaint, they

would not be required to duplicate their efforts.  Minor differences in claims against the Meat

Processing Defendants cannot outweigh "the purely logistical factors – time, expense, travel

burdens, etc." which "militate in favor of a consolidated trial." <u>Arnold</u> at 193.  Indeed,

consolidation of these two cases will "foster clarity, efficiency, and the avoidance of confusion

and prejudice." <u>Allfirst</u> at 519.  Accordingly, the Plaintiffs request the Court to make use of Rule

42(a) and consolidate these proceedings.

Respectfully submitted,

By: _____

Donald P. Salzman, #16501
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
Attorney for Plaintiffs

March 9, 2007