IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DO YUN HWANG, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>OVERSEAS EMPLOYMENT AND<br>INFORMATION SERVICE, INC. d/b/a/ EBI,<br>INC., *et al.*,<br><br>    Defendants. | Case No. 07 CV 481 (PJM)<br><br>**FILED UNDER SEAL** |

### CHARLES HAN YOO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Charles Han Yoo, by and through undersigned counsel, respectfully submits this memorandum of law in support of his motion to dismiss the one claim asserted against him in this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

The single claim asserted by Plaintiffs against Charles Han Yoo, for conspiracy to defraud, should be dismissed because it fails to state a claim. Plaintiffs make one, and only one, allegation against Mr. Yoo in their 44 page, 276 paragraph complaint: that he "is/was an officer, shareholder, and/or duly authorized agent" of Defendant Overseas Employment and Information Service, Inc., a/k/a, EBI, Inc. ("EBI"). As a matter of law, this allegation standing alone does not and cannot possibly support a conspiracy, or any other, claim against Charles Han Yoo.

### FACTUAL BACKGROUND

Prior to ceasing operations last year, EBI was a highly respected and reputable employment services agency that specialized in assisting foreign nationals in obtaining employment and employment sponsorship for employment based immigration visas, in the

United States. Over the thirty-seven (37) years it was in business, EBI assisted thousands of clients in obtaining employment in, and immigrating legally to, the United States. Prior to this and another similar lawsuit filed with this Court just months earlier, Mr. Yoo and EBI had only once before been named as defendants in a lawsuit. *See Jin v. EBI, Inc.*, 2006 WL 3335102 (E.D.N.Y. 2006).[1] The claims in that lawsuit have been dismissed, although plaintiffs have filed an amended complaint, which Mr. Yoo will again move to dismiss because it does not state a claim.

Plaintiffs are all nationals of South Korea living in New York. (Complaint at ¶¶ 5, 6 and 7.) None speak English and all communicate exclusively in Korean. (*Id.* at ¶¶ 42.)

Plaintiffs allege that Mr. Yoo "is/was an officer, shareholder, and/or duly authorized agent" of EBI. (*Id.* at ¶ 11.) Plaintiffs allege no wrong doing by Mr. Yoo. Instead, they apparently seek to hold him liable for the acts of EBI or its agents.

Plaintiffs' claims against EBI arise out of their allegation that each hired EBI to obtain for each of them offers of employment to work in the United States and approved immigrant visa petitions called Form I-140's. (Complaints at ¶¶ 60, 84, 126, Exhibit A.) Plaintiffs concede that EBI performed under their respective contracts with EBI and obtained for each of them job offers and approved immigrant visa petitions. (*Id.* at ¶¶ 66, 71, 91, 96, 132, 137.) Accordingly, each Plaintiff paid EBI in full. (*Id.* at ¶¶ 64, 89, 130.)

EBI also filed on each Plaintiff's behalf a Form I-485 application to adjust their status to permanent legal resident. (*Id.* at ¶¶ 72, 97, 139.) EBI filed Forms I-485 for each Plaintiff, but there is no provision in any of the contracts promising or guaranteeing any Plaintiff that he or she

---

[1] Prior to the filing of this complaint, three other Plaintiffs filed a virtually identical lawsuit against Charles Han Yoo in this Court, styled as *Lee, et al. v. EBI, Inc., et al.*, Case No. RWT

would obtain permanent legal status in the United States, and payment under the contracts was not dependant upon Plaintiffs obtaining permanent residency. Each of Plaintiff's applications for permanent residency is under review by the United States Customs and Immigration Services ("USCIS").

Apparently dissatisfied with the length of time USCIS is taking to process their applications -- a matter completely out of Mr. Yoo's or EBI's control -- Plaintiffs now argue that it must be EBI's fault and that EBI promised them "green cards."[2] But Mr. Yoo is not alleged to have participated in any of these matters – he is named as a defendant solely because he was allegedly an officer, director or agent of EBI. Collectively, Plaintiffs seek over $1.2 million in damages, plus punitive damages, against Charles Han Yoo.

## ARGUMENT

### I. PLAINTIFFS' CLAIM IS GOVERNED BY NEW YORK LAW

As originally noted by Defendant Empire Kosher Poultry, and also noted in Tricia Matuszak's Memorandum of Law in Support of her Motion to Dismiss, Plaintiffs' claim in this action is governed by the law of New York because Plaintiffs' alleged injuries occurred in New York. Defendant Empire Kosher Poultry's Memorandum in Support of Motion to Dismiss, at 7-

---

O6-3294. Plaintiffs have sought to consolidate those two actions. Charles Han Yoo is concurrently opposing the motion to consolidate and seeking to sever the actions.
[2] Plaintiffs' complaints of the USCIS's delay with the processing of their applications are not uncommon. Such delays have been well-documented. *See, e.g.*, Ruth Morris, *Backlogs Add Years to Green Card Wait*, SUN-SENTINEL, July 23, 2006, at Local 1A (the USCIS has "acknowledged that since the Sept. 11, 2001, terrorist attacks, federal background checks have caused lengthy delays."); *Anti-Terror Measures Delay "Green Card" Processing*, SAN JOSE MERCURY NEWS, September 23, 2004 at 5A ("The number of foreigners who became permanent U.S. immigrants dropped sharply in 2003 as anti-terrorism measures delayed the processing of applications."); Mary Beth Sheridan, *Long, Nervous Green Card Wait; Backlog at Federal Agency Complicates Lives of Immigrants*, THE WASHINGTON POST, February 11,

9 (citing *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006) and *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986)).[3] Indeed, Plaintiffs concede that New York law governs their claim, having included three causes action in their complaint -- causes of action 8, 10 and 11 for unfair and deceptive practices -- premised upon New York statutory law.

However, because Plaintiffs' claim should be dismissed regardless of whether the Court applies New York or Maryland law, Mr. Yoo will rely on authority from both jurisdictions in support of his motion to dismiss.[4]

## II. PLAINTIFFS' CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. The Standard Governing Motions To Dismiss

Dismissal of a claim under Rule 12(b)(6) is appropriate if, after accepting all well-pleaded allegations in Plaintiffs' complaint as true and drawing all reasonable factual inferences from those facts in Plaintiffs' favor, the Court finds that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2nd Cir. 2005).

---

2004, at B1 ("processing time for many applications has grown – in some cases to more than four years.")

[3] Charles Han Yoo expressly adopts and incorporates by reference this portion of Defendant Empire Kosher's Memorandum.

[4] Also as noted by Defendant Empire Kosher, under New York law, Plaintiffs' damages are limited to their out of pocket expenses, *i.e.*, the amounts they paid under their contracts with EBI. *See Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993) ("New York law awards only 'out-of-pocket' expenses in fraud cases, entitling plaintiffs to damages solely for their actual pecuniary losses"); *Citicorp Int'l Trading Co., Inc. v. Western Oil & Refining Co., Inc.*, 790 F. Supp. 428, 436 (S.D.N.Y. 1992) ("claim for damages for emotional distress must be dismissed because 'this species of injury is not redressable under a business fraud theory of liability'") (quoting *Posner v. Minnesota Mining & Mfg. Co., Inc.*, 697 F. Supp. 122, 123 (E.D.N.Y. 1988));

Although the Court must accept Plaintiffs' factual allegations as true, the Court is not bound by Plaintiffs' legal conclusions. *See, e.g., Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions); *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (affirming Rule 12(b)(6) dismissal with prejudice because the plaintiff's alleged facts failed to support her conclusion that the defendant owed her a fiduciary duty at common law).

Moreover, Rule 9(b) requires that, in all averments of fraud, the "circumstances constituting fraud or mistake be stated with particularity." Fed. R. Civ. P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999).

Further, "where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Andrews v. Fitzgerald*, 823 F. Supp. 356, 373 (M.D.N.C. 1993) (*citing Di Vittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2nd Cir. 1987)). A complaint fails to meet the particularity requirements of Rule 9(b) when a plaintiff asserts merely conclusory allegations of fraud against multiple defendants without identifying each individual defendant's participation in the alleged fraud. *Wang Labs., Inc. v. Burts*, 612 F. Supp. 441, 445 (D. Md. 1984); *Wiener v. Napoli*, 760 F. Supp. 278, 284 (E.D.N.Y. 1991) (where "multiple defendants are involved in the alleged fraud, it is especially important that the fraud be particularized as to each one of them").

---

*Juman v. Louise Wise Svcs.*, 663 N.Y.S.2d 483, 489 (N.Y. Sup. Ct. 1997) ("The damages recoverable for fraud do not include emotional distress").

### C. Plaintiffs Have Failed To State a Conspiracy to Defraud Claim Against Charles Han Yoo

Plaintiffs' sixth cause of action -- the only claim against Mr. Yoo -- is for conspiracy to defraud. This claim should be dismissed because there is no independent cause of action for civil conspiracy in New York. *See Small v. Lorillard*, 720 N.E.2d 892, 898 (N.Y. 1999); *Danahy v. Meese*, 446 N.Y.S.2d 611 (N.Y. App. Div. 1981); *Callahan v. Gutowski*, 111 A.D.2d 464, 465 (N.Y. App. Div. 1985) ("A claim of conspiracy to commit fraud, standing alone, is not actionable.") "[M]ere conspiracy to commit a fraud is never of itself a cause of action." *Brackett v. Griswold*, 20 N.E. 376, 379 (N.Y. 1889). Similarly, the Maryland Court of Appeals has held that "[i]t was improper pleading [for the plaintiff] to allege . . . conspiracy in separate counts of the . . . complaint, as if they were causes of action independent of an underlying tort." *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 110 n. 6 (Md. 2000); *see also Damazo v. Wahby*, 270 A.2d 814 (Md. 1970).

Moreover, it is beyond dispute that a defendant such as Mr. Yoo may not be found liable for fraud, directly or through an alleged conspiracy, on the basis of being an officer, shareholder or employee of EBI. He can only be liable if he personally directed or actively participated or cooperated in the fraud. *See People by Abrams v. Apple Health & Sports Clubs, Ltd., Inc.*, 80 N.Y.2d 803, 807 (N.Y. 1992) (*citing Marine Midland Bank v. Russo Produce Co.*, 50 N.Y.2d 31, 44 (1980)); *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 399-400 (S.D.N.Y. 2004). The rule is the same in Maryland. *See, e.g., Tedrow v. Deskin*, 290 A.2d 799, 802 (Md. 1972) ("participation in the tort is essential to liability. If the officer takes no part in the commission of the tort committed by the corporation, he is not personally liable therefore unless he specifically directed the particular act to be done, or participated or cooperated therein.")

To the extent that Plaintiffs purport to state a conspiracy between Mr. Yoo and EBI, or its other alleged officers or employees, the claim must be dismissed as a matter of law because "officers, agents and employees of a single corporate entity are legally incapable of conspiring together." *Nassau County Employee "L" v. County of Nassau*, 345 F. Supp. 2d 293, 304 (E.D.N.Y. 2004); *Quinn v. Nassau County Police Dep't*, 53 F. Supp. 2d 347, 359 (E.D.N.Y. 1999); *Monte v. Ernst & Young LLP*, 330 F. Supp. 2d 350, 366 (S.D.N.Y. 2004). Maryland law is in accord. *See e.g. Bank Realty, Inc. v. Practical Management Tech., Inc.*, 1991 WL 97490, *4 (4th Cir. 1991) (recognizing and applying the intracorporate immunity doctrine); *see also American Chiropractic Assoc. Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 224 (4th Cir. 2004) ("[A]cts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the corporation") (*citing ePlus Technology v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002).

Moreover, Plaintiffs' conspiracy claim must be dismissed because such a claim requires factual allegations that each of the alleged co-conspirators knowingly participated in the conspiracy. *In re Harvard Knitwear, Inc.*, 153 B.R. 617, 627-28 (Bankr. E.D.N.Y. 1993); *Gallant v. Kanterman*, 603 N.Y.S.2d 315, 318 (N.Y. App. Div. 1993). It is not sufficient merely to identify an individual as a corporate officer; the officer's participation in the conspiracy must be specifically set forth. *See State of New York v. Dairylea Coop., Inc.*, 570 F. Supp. 1213, 1216-17 (S.D.N.Y. 1983).

Thus, under New York law, to state a claim of civil conspiracy against Charles Han Yoo, Plaintiffs are required to allege (i) an agreement between her and the wrongdoer and (ii) a wrongful act committed in furtherance of the conspiracy. *Brownstone Inv. Group, LLC v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007) (citations and quotations omitted). Likewise, in

7

Maryland, a civil conspiracy also requires an agreement between two or more people to engage in an unlawful act. *See Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 821 (D. Md. 2005); *Alexander & Alexander, Inc. v. B. Dixon Evander & Assoc., Inc.*, 650 A.2d 260, 265 n. 8 (Md. 1994).

"[T]o survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy." *Fitzgerald v. Field*, 1999 WL 1021568, *4 (S.D.N.Y. 1999) (citations omitted). "Accordingly, a bare conclusory allegation of conspiracy does not state a cause of action." *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981) (citations omitted).

None of the Plaintiffs have alleged even conclusory allegations, let alone the specifics required by law, that Mr. Yoo entered into an agreement with any other Defendant to defraud or that he took any action in support the alleged conspiracy. Accordingly, Plaintiffs' conspiracy claim against Mr. Yoo must be dismissed.

Nor has any Plaintiff alleged that Mr. Yoo took any action that caused them damage. Each concedes that EBI did what it contracted to do -- that it obtained for him or her approved immigrant visa petitions. Even if Plaintiffs' claims that someone other than Mr. Yoo promised them a green card were accurate -- and they are not -- and that allegation stated a claim of liability, their claims still fail because they have not alleged damages. Each Plaintiff has alleged a straightforward immigration application process, facing few obstacles; each already has been interviewed by the USCIS, and each is awaiting approval of a Form I-485 application for adjustment of status to permanent resident. Although each Plaintiff alleges a delay by USCIS in processing their applications, none of the Plaintiffs has alleged that Mr. Yoo is responsible for

that delay.  Unless and until those applications are denied, and there is no evidence that they will be, Plaintiffs have not been damaged.  And even then -- the damages would not be attributable to EBI, much less Mr. Yoo.

## CONCLUSION

For these reasons, Charles Han Yoo's motion to dismiss should be granted and the claims against him dismissed.

Dated: March 30, 2007

Respectfully submitted,

By: *Dana Moghadam / SKB*

Sara Z. Moghadam (Bar No. 14218)
Nancy Luque
Steven K. Barentzen
DLA PIPER US LLP
1200 Nineteenth Street, NW
Washington, DC  20036-2430
Telephone:  202.861.3900
Facsimile:  202.223.2085

*Attorneys for Charles Han Yoo*

that delay.  Unless and until those applications are denied, and there is no evidence that they will be, Plaintiffs have not been damaged.  And even then -- the damages would not be attributable to EBI, much less Mr. Yoo.

## CONCLUSION

For these reasons, Charles Han Yoo's motion to dismiss should be granted and the claims against him dismissed.

Dated: March 30, 2007

Respectfully submitted,

By: *Dana Moghadam / SKB*

Sara Z. Moghadam (Bar No. 14218)
Nancy Luque
Steven K. Barentzen
DLA PIPER US LLP
1200 Nineteenth Street, NW
Washington, DC  20036-2430
Telephone:  202.861.3900
Facsimile:  202.223.2085

*Attorneys for Charles Han Yoo*