## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUN JU LEE, *et al.*, | |
| | Case No. 06 CV 3294 (RWT) |
| Plaintiffs, | |
| v. | **FILED UNDER SEAL** |
| OVERSEAS EMPLOYMENT AND INFORMATION SERVICE, INC. d/b/a/ EBI, INC., *et al.*, | |
| Defendants. | |

| | |
|---|---|
| DO YUN HWANG, *et al.*, | |
| | Case No. 07 CV 481 (PJM) |
| Plaintiffs, | |
| v. | **FILED UNDER SEAL** |
| OVERSEAS EMPLOYMENT AND INFORMATION SERVICE, INC. d/b/a/ EBI, INC., *et al.*, | |
| Defendants. | |

### TRICIA MATUSZAK'S MEMORANDUM OF LAW
### (1) IN OPPOSITION TO PLAINTIFFS' MOTIONS TO CONSOLIDATE
### AND (2) IN SUPPORT OF HER CROSS-MOTION TO SEVER

Tricia Matuszak, by and through undersigned counsel, respectfully submits this memorandum of law (1) in opposition to Plaintiffs' motions to consolidate *Lee, et al. v. EBI, Inc., et al.*, Case No. 06 CV 3294 (RWT) (the "Lee Action") with *Hwang, et al. v. EBI, Inc., et al.*, Case No. 07 CV 481 (PJM) (the "Hwang Action") and (2) in support of her cross-motion, pursuant to Federal Rule of Civil Procedure 21 to sever Plaintiffs' claims on the ground that the joinder of Plaintiffs' claims into two actions violated Federal Rule of Civil Procedure 20(a).[1]

---

[1] Tricia Matuszak concurrently has moved to dismiss each of the Plaintiffs' claims in both the Lee and Hwang Actions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Not only should Plaintiffs' motions to consolidate be denied, Plaintiffs' separate and individual claims grouped into these two cases should be severed into six different actions. Federal Rule of Civil Procedure 20(a) permits plaintiffs to join their claims against common defendants *only* if the claims all arise "out of the same transaction, occurrence, or series of transactions or occurrences." The claims asserted by Plaintiffs against Tricia Matuszak -- for fraud, conspiracy, constructive fraud, and deceptive trade practices -- although similar, were improperly joined because they each arise out of entirely different sets of transactions and occurrences.

For example, to state a fraud claim, each Plaintiff must allege that he or she relied upon a specific misrepresentation. As stated in her Memorandum Of Law In Support Of Motion To Dismiss filed in the Lee and Hwang Actions, Plaintiffs have not alleged any misrepresentations that were or can be attributed to Ms. Matuszak. The representations that Plaintiffs have alleged were made by individuals other than Ms. Matuszak, either Defendant Hyun Sook Yoo or EBI "case manager" Min Jae Song, and allegedly were made over a span of four years, from as early as Spring of 1998 through "early 2002."

Moreover, each Plaintiff admits that he or she entered into a separate contract with EBI at different and distinct times, and that each contract contains different terms. Further, each Plaintiff agreed to pay EBI a different amount of money, ranging from $20,000 to $42,000. Pursuant to each of the separate contracts, EBI obtained employment offers for Plaintiffs with four different employers.

While each Plaintiff complains that EBI is responsible for the fact that his or her application for adjustment of status to permanent legal resident is still pending with the United

2

States Customs and Immigrations Services ("USCIS"), each Plaintiff's immigration status is entirely distinct. Some of the Plaintiffs have encountered certain unforeseen obstacles in the application process, while others have not. Some have moved further along in the process and already have obtained interviews with USCIS, others have not. In short, although each is an action against EBI, because Plaintiffs' claims are all case specific and factually unique, they should be severed.

For the same reasons, Plaintiffs' claims should not be consolidated. Whatever judicial efficiencies may be gained by consolidation would be greatly outweighed by the severe prejudice Tricia Matuszak would face having to defend against six entirely different fraud claims, some by Plaintiffs who claims include no mention of her, before the same jury. Plaintiffs do not seek consolidation for purposes of efficiency. Rather, Plaintiffs hope that by relating six similar, but factually unique stories, the jury will be more likely to believe each of their stories and find liability, and will also award a greater amount of damages if liability is found. Essentially, Plaintiffs seek the benefits of a class action without having to first meet the requirements of Rule 23, such as numerosity or commonality.

Even if the Court were to find that certain efficiencies could be gained by consolidating the actions, it should do so only for pre-trial purposes, and not for trial.

## FACTUAL BACKGROUND[2]

Prior to ceasing operations last year, Defendant Overseas Employment and Information Service, Inc., a/k/a, EBI, Inc. ("EBI") was a highly respected and reputable employment services agency that specialized in assisting foreign nationals in obtaining employment and employer

---

[2] For a more detailed account of Plaintiffs' factual allegations, Tricia Matuszak directs the Court's attention to her Motions to Dismiss the Lee and Hwang Actions filed concurrently herewith.

sponsorship for employment based immigration visas in this country.  Over the thirty-seven (37)
years it was in business, EBI assisted thousands of clients in obtaining employment in, and
immigrating legally to, the United States.[3]  Tricia Matuszak is alleged to have been a former
shareholder, officer and/or employee of EBI.

The only common aspect of each Plaintiffs' claims against Tricia Matuszak is that none
allege to have spoken with her.  Indeed, such a communication would not have been possible as
Plaintiffs only speak Korean and Tricia Matuszak only speaks English.  (*See e.g.,* Hwang
Complaint at ¶ 52.)

Each Plaintiff is a national of South Korea living in New York.  (Lee Complaint at ¶¶ 5, 6
and 7; Hwang Complaint at ¶¶ 5, 6 and 7.)  None speak English and each communicates
exclusively in Korean.  (Lee Complaint at ¶¶ 38, 40, 86, 88, 131 and 133; Hwang Complaint at
¶¶ 42, 43.)  Each Plaintiff alleges that he or she sought out EBI's services to assist them in
obtaining permanent legal status in the United States,  but each entered into a contract with EBI
containing different terms.

One Plaintiff, Sung Hee Lee, alleges to have learned of EBI from unspecified newspaper
advertising and to have been referred to EBI by the Korean Immigrations Service of New York;
the other Plaintiffs do not specify how they learned of EBI.  (Lee Complaint at ¶ 132.)

Plaintiffs began speaking with EBI at different times.  The first Plaintiff to meet with EBI
was Sung Hee Lee in Spring 1998.  (Lee Complaint at ¶ 132.)  Sung Duk Lee contacted EBI in
Late 2000.  (*Id.* at ¶ 87.)  Eun Ju Lee, first spoke with EBI in "early 2002," four years after Sung
Hee Lee.  (*Id.* at ¶ 39.)  Plaintiff Kang Hyeon Seo first contacted EBI in fall 2000.  (Hwang

---

[3] Prior to these two lawsuits, Tricia Matuszak and EBI had only once before been named as
defendants in a lawsuit. *See Jin v. EBI, Inc.*, 2006 WL 3335102 (E.D.N.Y. 2006).  The claims in
that lawsuit have been dismissed, although Plaintiffs filed an amended complaint which
defendants intend to move to dismiss.

Complaint at ¶ 44.) Do Yun Hwang and Sang Hyun Lee met with EBI for the first time in "the beginning of 2001." (*Id.* at ¶ 47.)

Two of the Plaintiffs, Eun Ju Lee and Sung Hee Lee, allege that they spoke with Defendant Hyun Sook Yoo. (Lee Complaint at ¶¶ 42, 44, 45, 135.) The other four Plaintiffs, Sung Duk Lee, Kang Hyeon Seo, Do Yun Hwang and Sang Hyun Lee, allege that they spoke with an EBI "case manager" named Min Jae Song who was not named as a defendant in either action. (Lee Complaint at ¶¶ 89-90; Hwang Complaint at ¶¶ 44-48, 50-51.)

One of the Plaintiffs, Eun Ju Lee, alleges that Defendant Hyun Sook Yoo represented that Tricia Matuszak was an attorney. (Lee Complaint at ¶¶ 42, 44, 45.) But, three of the Plaintiffs, Kang Hyeon Seo, Do Yun Hwang and Sang Hyun Lee, allege that Min Jae Song represented that Ms. Matuszak was an attorney. (Hwang Complaint at ¶ 52.) And the other two Plaintiffs, Sung Hee Lee and Sung Duk Lee, do not allege that they were told that Tricia Matuszak was an attorney.

Plaintiffs make either no allegations or differing allegations concerning Tricia Matuszak that are nevertheless insufficient to state a claim against her. Eun Ju Lee alleges that Ms. Matuszak notarized her job offer. (Lee Complaint at ¶ 57.) Sang Hyun Lee alleges that Tricia Matuszak signed his sponsor's request for labor certification substitution. (Hwang Complaint at ¶ 101.) Kang Hyeon Seo alleges that Tricia Matuszak signed his job portability request. (*Id.* at ¶ 144). The other three Plaintiffs, Sung Hee Lee, Sung Duk Lee and Do Yun Hwang, do not allege any actions taken by Ms. Matuszak.

Five of the Plaintiffs allege to have entered into one individual separate contract with EBI; Sung Duk Lee alleges to have entered into two contracts with EBI. (Lee Complaint at ¶¶ 49, 91, 92, 98, 136, 137, Exhibits A, B & C; Hwang Complaint at ¶¶ 60, 84, 126, Exhibit A).

5

Four the of six Plaintiffs, Eun Ju Lee, Sung Duk Lee, Sung Hee Lee and Kang Hyeon Seo, attach copies of their contracts with EBI to the complaint. Do Yun Hwang and Sang Hyun Lee do not.

Each contract has different terms. For example, Eun Ju Lee's contract specifically stated that "EBI is not a law firm." (Lee Complaint at Exhibit A.) The contracts of Sung Duk Lee, Sung Hee Lee and Kang Hyeon Seo do not.

Each contract called for the payments of different sums to EBI. Eun Ju Lee agreed to pay EBI $30,000; Sung Duk Lee agreed to pay EBI $20,000 on his first contract with EBI and $30,000 on the second; Sung Hee Lee agreed to pay $35,000; Do Yun Hwang and Sang Hyun Lee agreed to pay EBI $28,000; and Kang Hyeon Seo agreed to pay $42,000. (Lee Complaint at Exhibits A, B & C; Hwang Complaint at ¶¶ 60, 84, 126, Exhibit A). Eun Ju Lee and Sung Duk Lee agreed to pay EBI in three installments; Sung Hee Lee and Kang Hyeon Seo agreed to pay EBI in four; Do Yun Hwang and Sang Hyun Lee do not allege how many installment payments they agreed to make to EBI. (*Id.*)

EBI obtained job offers for Plaintiffs with different companies, all of which Plaintiffs have named as Defendants in this action. Eun Ju Lee obtained a job offer from Empire Kosher (Lee Complaint at ¶ 57); Sung Duk Lee, Do Yun Hwang and Sang Hyun Lee from Allen Family Foods (*id.* at ¶ 106; Hwang Complaint at ¶ 66, 91); Sung Hee Lee from Granite State (Lee Complaint at ¶ 143); and Kang Hyeon Seo from Mountaire Farms, Inc., (Hwang Complaint at ¶ 132).

In addition, each Plaintiff started their immigration application process at different times. The first Plaintiff to start the immigration process was Sung Hee Lee in October 1998. (Lee Complaint at ¶ 144.) Sung Duk Lee started his immigration application process in approximately September 2001. (*Id.* at ¶ 110.) Eun Ju Lee, the last Plaintiff to start the

6

immigration application process, began four years after Sung Hee Lee, in October 2002. (Lee Complaint at ¶ 58.) Do Yun Hwang started the application process in April 2001. (Hwang Complaint at ¶ 71.) Sang Hyun Lee started in May 2001. (*Id.* at ¶ 96.) Kang Hyeon Seo started in March 2001. (*Id.* at ¶ 137.)

Moreover, the status of each Plaintiffs' immigration case is entirely distinct and each has a unique history. Eun Ju Lee currently has a motion to reopen pending because she changed employers and in denying her Form I-485 application, USCIS failed to consider her job portability request. (Lee Complaint at ¶ 73.) Sung Duk Lee, had his initial immigration application denied, allegedly for fraud, but has filed a second Form I-485 application that is still pending. (*Id.* at ¶¶ 117, 122.) Sung Hee Lee also has a pending motion to reconsider the denial of his application, arguing that USCIS failed to consider the valid Form I-140 supporting his Form I-485 application. (*Id.* at ¶ 162.) None of the Plaintiffs in the Lee Action have alleged to have received interviews with USCIS, typically a condition precedent to obtaining permanent legal status.

On the other hand, all of the Plaintiffs in the Hwang Action already have been interviewed by the USCIS. Do Yun Hwang has alleged no problems with his application and was interviewed on May 24, 2005. (Hwang Complaint at ¶ 77.) Sang Hyun Lee filed a second immigration application after his first was denied. He was interviewed in December 2005. (*Id.* at ¶¶ 100-102, 115.) Kang Hyeon Seo changed jobs requiring the filing of a job portability request, but has alleged no problems with his application. He was interviewed in May 2005. (*Id.* at ¶¶ 142-144, 147.)

The only element common to all of Plaintiffs' immigration actions is that each is still pending. Nevertheless, each Plaintiff now complains, despite a lack of such a provision in their

contract, and the impossibility of performance, that EBI promised that they would obtain permanent legal status in the United States.  Plaintiffs filed two virtually identical complaints with 12 causes of actions.  All of the Plaintiffs assert the same five causes of action against Tricia Matuszak, for fraud, conspiracy, constructive fraud and two counts of deceptive trade practices, regardless of whether any factual allegations in support of those claims have been made.

**ARGUMENT**

## I.   PLAINTIFFS' CLAIMS SHOULD BE SEVERED

Plaintiffs' misjoined claims should be severed into six separate actions.  Federal Rule of Civil Procedure 21 states that although "[m]isjoinder of parties is not ground for dismissal," misjoined claims "may be severed and proceeded with separately."

Plaintiffs improperly joined their claims into two actions.  Pursuant to Federal Rule of Civil Procedure 20(a), parties may be joined as plaintiffs in the same action only "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  In determining whether to sever an action, courts must consider, among other things, "whether prejudice would be avoided if severance were granted."  *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003).

Under this standard, Plaintiffs' joinder of their individual claims against Ms. Matuszak into two actions was improper because the claims do not arise out of the same transaction or occurrence, and are all factually unique.  Moreover, Tricia Matuszak will be prejudiced absent severance.  For example, if tried together, the same jury would not only hear about Do Yun

8

Hwang's immigration case, who has encountered no difficulties with USCIS and who has had as straightforward of an immigration case as is imaginable, but also Sung Hee Lee's case who has had his immigration application denied -- albeit improperly -- and has a motion for reconsideration pending. The jury is likely to confuse those cases and Do Yun Hwang will essentially gain the "benefit" of the difficulties Sung Hee Lee has experienced with USCIS.

The Fourth Circuit's decision in *Saval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983) is instructive. In *Saval*, Plaintiffs all purchased Jaguar automobiles and brought claims alleging that each automobile developed similar defects. Plaintiffs joined their claims together in one action and sought relief under various state statutes and common law torts. Plaintiffs argued that joinder of their claims was proper because they "purchased their automobiles and experienced similar problems." *Id.* at 1031. The district court disagreed, and found that Plaintiffs' claims did not satisfy Rule 20's transaction and occurrence test and noted that Plaintiffs' analysis "conveniently glosses over the differences between the unique histories of each of the four automobiles." *Id.*

On appeal, the Fourth Circuit upheld the district court's decision noting that "the cars were purchased at different times, were driven differently, and had different service histories." *Id.* The Court found that severance would be necessary to "keep straight the facts pertaining to the separate automobiles." *Id.* The Court bluntly rejected Plaintiffs' argument that they "relied on common misrepresentations and received identical warranties," noting, that "[e]ach purchased an automobile that did not live up to his or her hopes or expectations. The defects were similar, but there the commonality ended." *Id.* at 1031-1032.

As in *Saval*, Plaintiffs each allege a defect but each has a unique history, and similarly they lack the commonality necessary for joinder. Plaintiffs each allege different

9

misrepresentations made by different people at different times. Each Plaintiff entered into a separate and distinct contract with EBI, with different terms and for a different amount of consideration. Each Plaintiff went to work for one of four different employers and each had a different employment history. Each Plaintiff's immigration case has encountered different issues and is factually unique.[4] Moreover, Plaintiff alleges a different -- although equally minimal -- level of involvement by Tricia Matuszak.

Accordingly, as in *Saval*, Plaintiffs' claims, although similar, do not arise out of the same transaction or occurrence and should be severed. *See also Cunningham v. Flowers*, 218 F.R.D. 453, 455 (D. Md. 2003) (noting that joinder of factually disparate claims would run afoul of the purpose of Rule 20 because court would be "presented with two trials confusingly squeezed into one."); *Weir v. Litton Bionetics, Inc.* 1986 WL 11608, * 7 (D. Md. 1986) (severing two employment discrimination actions due to "discrete factual situation" of each case and because testimony of one plaintiff would not be "relevant and admissible at the trial of the" other Plaintiff.

---

[4] Further, each Plaintiff had his or her own unique immigration history even prior to meeting with EBI. An individual's immigration background can significantly affect the level of scrutiny by the USCIS.

## II.    PLAINTIFFS' CLAIMS SHOULD NOT BE CONSOLIDATED[5]

Moreover, Plaintiff's claims should not be consolidated.  Federal Rule of Civil Procedure

42(a) permits courts to consolidate "actions involving a common question of law or fact."  In the

Fourth Circuit, the "critical question" in determining whether to consolidate actions:

> is whether the specific risks of prejudice and possible confusion
> [is] overborne by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as a single one, and the
> relative expense to all concerned of the single-trial, multiple-trial
> alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982).

Plaintiffs' argument in favor of consolidation is based primarily on their assertions that

"[a]lthough the specific allegations in each of the complaints vary slightly as to the individual

Plaintiffs, each of the actions is predicated on the same core claims."  Plaintiffs' Memorandum

In Support Of Their Motion To Consolidate Actions ("Plaintiffs' Mem." at 2.)  However, as

detailed above, Plaintiffs' claims have far more factual differences than they do similarities.

Plaintiffs also argue, without elucidation, that "no party will be harmed by

consolidation."  Plaintiffs' Mem at 3.  But again Plaintiffs are wrong.  Tricia Matuszak will

suffer extreme prejudice if the cases are consolidated.  Three of the Plaintiffs do not make a

single allegation against Ms. Matuszak.  They will all get the "benefit" of those Plaintiffs that do.

Moreover, if the jury listens to six unrelated, but similar stories alleging fraud, it will be far more

likely to believe the veracity of the allegations of fraud, more likely to find liability and more

likely to award higher damages than if six different juries heard the claims separately.

---

[5] Tricia Matuszak expressly adopts and incorporates by reference the argument of Defendant
Empire Kosher that Plaintiffs' motion for consolidation is an improper act of "judge shopping."
*See* Defendant Empire Kosher Poultry's Memorandum in Opposition to Plaintiffs' Motion to
Consolidate at 2.

11

The substantial risk that consolidation of Plaintiffs' claim will negatively influence the

jury against Tricia Matuszak weighs heavily against consolidation. *See e.g. Arroyo v. Chardon*,

90 F.R.D. 603, 605-06 (D.P.R. 1981) (denying motion to consolidate because differences in acts

allegedly taken by defendants would "result to the detriment of the jury's function to weigh and

consider impartially evidence presented in each particular case and it may result in prejudice to

the parties' right to a fair day in court"); *Baker v. Waterman S.S. Corp.*, 11 F.R.D. 440, 440

(S.D.N.Y. 1951) (jury "may be influenced" by the claims of another "[n]o matter how carefully

[they] were instructed as to separate consideration of the damages of each plaintiff").

Moreover, consolidation of these six actions into one will create considerable confusion

in the minds of the jurors. Four of the Plaintiffs share the last name "Lee," and each alleges

similar, but factually unique, claims. The risk that a juror will confuse the claims of one plaintiff

with another, yet another factor weighing heavily against consolidation, is extremely high. *See,

e.g., Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 460 (E.D. Mich. 1985) (finding that

presentation of three plaintiffs' "separate and unique" histories to the jury "would make

[consolidated] trial confusing, unmanageable and perhaps inequitable."); *Fleishman v.

Prudential-Bache Sec. Inc.*, 103 F.R.D. 623, 625 (E.D. Wis. 1984) (denying request for

consolidation due to "strong possibility of confusing the jurors if the cases were tried in a single

proceeding."); *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977)

("possible prejudice to defendant due to the likelihood of confusion in the minds of the jurors . . .

far outweighs the benefit of any possible convenience or economy to be obtained from

consolidation.")

Indeed, none of the cases relied upon by Plaintiffs support consolidation. If anything,

Plaintiffs' cases confirm that courts are hesitant to consolidate cases unless there is an identity, or

12

near identity, of parties *and* claims.  For example, in *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d

186 (4th Cir. 1986), the court found that plaintiffs' claims had been properly consolidated where

*all* of their claims arose out a single occurrence, an air crash.  In *Allfirst Bank v. Progress Rail*

*Services, Corp.*, 178 F. Supp. 2d 513, 520 (D. Md. 2001) consolidation was proper but only

because "[t]he parties are the same.  The claims and defenses are identical, and the same three

Agreements must be construed in each case."  Finally, in *In re Royal Ahold N.V. Sec. and ERISA*

*Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003), a securities action, which generally lends itself to

consolidation, the court agreed that consolidation was proper because "all plaintiffs base their

losses on the same overstatements and inflation of profits alleged to have been made by Royal

Ahold."

### III.   IF THE COURT FINDS CONSOLIDATION WILL PROMOTE EFFICIENCIES, PLAINTIFFS' CLAIMS SHOULD BE CONSOLIDATED FOR PRE-TRIAL PURPOSES ONLY

Plaintiffs also assert that "purely logistical factors" such as "time, expense, travel

burdens, etc. . . militate in favor of a consolidated trial."  Plaintiffs' Mem. at 4.  Again, Plaintiffs

fail to specify how a single one of these "logistical factors" weighs in favor of consolidation.

However, if the Court were to find on its own that certain efficiencies could be gained by

consolidation, it should do so for pre-trial purposes only, and not for trial.  *See e.g. Pariseau v.*

*Anodyne Healthcare Mgmt., Inc.*, 2006 WL 325379, *3 (W.D.N.C. 2006) (consolidating action

for discovery matters and pre-trial motions only because "the expense incurred by the parties and

the burden on the parties and witnesses should be significantly reduced."); *Dovel v. Penn Mut.*

*Ins. Co.*, 1992 WL 122716, *2 (W.D. Va. 1992) (finding sufficient common questions of law and

fact to consolidate actions for purposes of discovery, but refraining from consolidating actions

for trial due to concern "about the effects consolidation for trial will have on the defendant's rights.)

## CONCLUSION

For these reasons, Tricia Matuszak respectfully requests that the Court issue an Order denying Plaintiffs' motion to consolidate and granting her cross-motion to sever.

Respectfully submitted,

Dated: March 30, 2007

By: _____

Sara Z. Moghadam (Bar No. 14218)
Nancy Luque
Steven K. Barentzen
DLA PIPER US LLP
1200 Nineteenth Street, NW
Washington, DC  20036-2430
Telephone:  202.861.3900
Facsimile:  202.223.2085

*Attorneys for Tricia Matuszak*

14